15242

DuBOSE v. DURHAM LIFE INS. CO.

(14 S. E. (2d), 349)

September, 1940.

*Messrs. McEachin & Townsend*, for appellant,

*Messrs. Willcox, Hardee, Houck & Wallace,* for respondent,

April 7, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE CARTER.

On September 1, 1939, Durham Life Insurance Company issued its policy No. 73086 covering the life of James M. DuBose, in which Nollie H. DuBose was named beneficiary. This contract provided for payment, in the event of death from natural causes, of the sum of $500.00, but in the event of accidental death, for the payment of $1,000.00. It also provided, in the event of self-destruction during the first two years of the policy, whether insured be sane or insane, that the insurer would be liable only for the amount of the premiums which had been paid to and received by it.

On October 22, 1939, while this policy was in full force and effect, the insured met violent death as the result of a pistol wound inflicted by himself, either accidentally or intentionally.

This action followed. Plaintiff alleges that the insured was accidentally killed, and seeks recovery of $1,000.00 or double indemnity. Defendant alleges, in bar of plaintiff's claim, that the gunshot wound was inflicted purposely, and that, therefore, under the suicide clause of the policy, it is liable only for the amount of the premiums paid to and received by it. On trial of the case, Judge Sharkey submitted to the jury for decision the issue as to whether the shooting

was accidental or suicidal; and that body returned a verdict in favor of the insurance company.

Plaintiff now appeals and imputes error to the trial Court in the following particulars: (1) In failing to charge that the law presumes a man will not take his own life, and as to the burden of proof of suicide; (2) failure to charge on what is referred to as single liability; (3) in failing to charge the "equipoise theory," and (4) in submitting the case to the jury, in that there was insufficient testimony to take the case to that tribunal on the question of suicide.

As to the first question, there is no exception which charges that the trial Judge committed error in failing to charge as to the presumption against suicide. Judge Sharkey nevertheless charged this in substance when, in response to the combined request to charge as to the presumption and as to the burden of proof, he told the jury in effect that both presumptions were correct, in the following language: "I have already charged them the defendant must prove that by the greater weight of the evidence." If a clearer or fuller statement as to presumption against suicide was desired, appellant's counsel should have so indicated.

It is contended that, while Judge Sharkey charged that the respondent had the burden of proof of suicide, the effect of it was nullified by the previous suggestion that such a charge was unnecessary. It is not reasonable to conclude that the jury was misled thereby, especially when the charge as to the burden of proof on respondent was reiterated at the request of appellant's attorney.

The next two points really raise but one question. The trial Judge submitted the case to the jury on the proposition that it was a question of accidental death or suicide. The pleadings and all the proof made that issue. No other inferences could be drawn from the testimony. Appellant's attorneys took no exception to this being the issue, and made no request for an instruction that if plaintiff failed to show by the preponderance of the testi-

mony that death was accidental and defendant failed to show by the preponderance of the testimony that death was the result of suicide, appellant would be entitled to recover $500.00. This is what is known as the "equipoise doctrine" and it is fully discussed in *Jefferson Life Insurance Company v. Clemmer,* 4 Cir., 79 F. (2d), 724, 103 A. L. R., 171. The respondent requested an instruction to that effect, thus forcibly bringing it to the attention of appellant's attorneys, who did not join in the request, and it was refused. It is not necessary to pass upon the reasonableness of the doctrine or its application in this case. The trial Judge charged that the burden of proof of accidental death rested upon the appellant and the burden of proof of suicide rested upon the respondent.

The jury's verdict in favor of the respondent necessarily carried with it a finding to the effect that the preponderance of the evidence showed that the insured committed suicide, and that the testimony was not in a state of equal balance or equipoise. If there was error in failing to make a specific charge of this principle, it would appear that it was harmless. Moreover, as above pointed out, with this principle of law being brought squarely to the attention of appellant's attorneys, in good conscience, appellant should not be permitted to remain silent when it appeared to be to her advantage to do so, and then when the jury found against her, raise the issue that the trial Judge should have charged this principle of law.

Appellant further contends that the testimony was insufficient to take the case to the jury on the question of suicide. The testimony on this issue was conflicting, and a reasonable inference could be drawn that it was a case of suicide, and it was therefore a question for the jury. In addition, no motion for a directed verdict was made by appellant.

The reasoning given above also shows that the motion for a new trial was properly refused.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Bonham and Messrs. Justices Baker, Fishburne and Stukes concur.